## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WILLIE R. GRIFFIN,**

                               **Plaintiff,**                         **No. 12-4010-JAR-KGS**

**v.**

**(FNU) WHITTAKER,**
**WHITTAKER COMPANY and**
**E& W PROPERTY,**

                               **Defendants.**
_____

## MEMORANDUM AND ORDER

Plaintiff Willie R. Griffin, proceeding pro se and in forma pauperis, brings this action against Defendants alleging that they violated his Constitutional and civil rights by withholding his wages, endangering his safety and failing to pay into Social Security.[1]  On February 9, 2012, the Court directed Plaintiff to show cause on or before March 1, 2012 why the Complaint should not be dismissed as stating no claim for relief.[2]  Plaintiff was advised that the failure to file a timely response may result in the Complaint being dismissed without further prior notice to Plaintiff.  Plaintiff has responded to the Order.[3]

Because Plaintiff proceeds in forma pauperis, the Court may dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[4]  A complaint must contain "a short

---

[1]Doc. 1.

[2]Doc. 6.

[3]Doc. 9.

[4]28 U.S.C. § 1915(e)(2)(B).

plain statement of the claim showing that the pleader is entitled to relief."[5]  Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[6]  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[7]

Plaintiff's Complaint fails to meet even the minimal standards of notice pleading set out in Fed. R. Civ. P. 8(a) because it fails to provide notice of the claim to which the Defendants are entitled under that rule.  Plaintiff's Complaint and his response to the Order to Show Cause fail to identify which section of the Constitution of the United States his case arises under, the statute under which his civil rights were violated or any other facts or statutes supporting a plausible claim for relief.  No Defendant in this action could be expected to prepare a defense based on Plaintiff's disorganized, vague and ambiguous allegations.  Moreover, Plaintiff cannot proceed on a 42 U.S.C. § 1983 civil rights or constitutional claim against Defendants because they are private litigants.[8]  Plaintiff fails to allege how these Defendants were acting under the color of state law.[9]

The Court is unable to understand the basis for the relief sought, and is unable to discern any factual allegations that would plausibly entitle Plaintiff to relief.  Furthermore, the Court is unable to determine how this Complaint, even with the explanation provided in Plaintiff's

---

[5]Fed. R. Civ. P. 8(a)(2).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[7]*Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[8]*See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

[9]*See, e.g., Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207-08 (10th Cir. 2005).

response, would provide the notice required under Rule 8 to any Defendant in this action.  The

Court finds that there is no logical construction of Plaintiff's Complaint from which to discern

any cognizable claim.  The Court believes that any attempt to remedy the Complaint would be

futile.  Assuming this Court has the jurisdiction to do so, it dismisses the action pursuant to Fed.

R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is

DISMISSED, without prejudice, for the reasons set out above.

**IT IS SO ORDERED.**

Dated: March 5, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

3